IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Marshall Woodley, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:14-cv-00135-PMD |
| | ) | |
| v. | ) | |
| | ) | |
| Charleston Collision Holdings Corp.; | ) | |
| Charleston Collision, LLC; | ) | **ORDER** |
| Charleston Collision II, LLC; | ) | |
| Charleston Collision III, LLC; | ) | |
| and Andrew J. Leone; | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' Motion to Dismiss. Plaintiff's Complaint alleges violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code Ann. § 41-10-10 *et seq.*, and S.C. Code Ann. § 41-1-80. Defendants move to dismiss the FLSA claim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court denies Defendants' Motion.

## BACKGROUND

Plaintiff, Marshall Woodley, makes the following allegations in his Complaint.[1] Plaintiff is a citizen and resident of Charleston County, South Carolina. Defendants Charleston Collision Holding Corp., LLC; Charleston Collision, LLC; Charleston Collision II, LLC; and Charleston Collision III, LLC (collectively, "Charleston Collision") are for-profit limited liability companies

---

[1] The facts in Plaintiff's Complaint must be treated as true for purposes of Rule 12(b)(6). *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012).

1

organized and existing under the laws of the State of South Carolina. Defendants own and operate three auto body repair facilities under the business name "Charleston Collision," where they provide the following automotive services: damage restoration, painting, light mechanical work, wheel repairs, and alignments. Defendant Andrew J. Leone ("Leone") is a citizen and resident of South Carolina. At all times relevant to this case, Leone was an owner of Charleston Collision and acted on behalf of Charleston Collision with regard to setting Plaintiff's rate of pay and scheduling Plaintiff's hours of employment.

Plaintiff was employed by Defendants from approximately July 2013 until December 2013. Plaintiff worked as an "estimator," and he had the following responsibilities: writing estimates; contacting and updating customers regarding the work being performed; photographing automobiles before, after, and during repairs; performing mechanical and body work on vehicles; and detailing and cleaning vehicles. Before Defendants formally offered Plaintiff employment, Defendants required Plaintiff to work for five days from 7:00 a.m. to 7:00 p.m. Defendants never compensated Plaintiff for this work. Defendants also required Plaintiff to purchase a smart phone with a camera and to pay all costs associated with the phone.

During his employment at Charleston Collision, Plaintiff regularly worked more than forty hours in a workweek. Defendants scheduled Plaintiff, and similarly situated employees, to work from 8:00 a.m. to 5:00 p.m. Monday through Friday. In addition to these regularly scheduled hours, Defendants also required Plaintiff and similarly situated employees to work at night and during weekends.

Although Defendants purportedly paid Plaintiff an annual salary of $31,200.00, they actually compensated him at an hourly rate of $15.00 per hour. On occasions when Plaintiff missed portions of a workday, Defendants deducted wages from Plaintiff's compensation. For instance,

when Plaintiff missed approximately two hours of work for a doctor's appointment, Defendants deducted his wages for one-half of the workday. Similarly, Plaintiff missed approximately three hours of work for a doctor's appointment, and Defendants deducted his wages for the entire workday. Plaintiff missed approximately one and one-half hours of work to attend a workers' compensation hearing,[2] and Defendants deducted his wages for the entire day.

On January 16, 2014, Plaintiff filed the instant action on behalf of himself and all others similarly situated. In his Complaint, Plaintiff alleges the following claims: (1) Defendants willfully violated the FLSA by failing to pay Plaintiff and other similarly situated employees overtime compensation; (2) Defendants violated the SCPWA by willfully failing to pay Plaintiff and similarly situated employees all wages due; and (3) Defendants violated S.C. Code § 41-1-80 by retaliating against Plaintiff for instituting a proceeding under the South Carolina Workers' Compensation Act. On May 21, 2014, Defendants filed a Motion to Dismiss the FLSA claim. The Motion to Dismiss has been fully briefed and is ripe for review.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must

---

[2] Plaintiff filed a workers' compensation claim against his former employer, who is not a party to this action, due to a work-related injury. Plaintiff informed Defendants that he was required to attend a workers' compensation hearing on December 3, 2013, and he attended the hearing on that date. On the following day, December 4, 2013, Defendants terminated Plaintiff's employment. Leone specifically told Plaintiff that he was fired because he had attended the hearing. Plaintiff alleges that Defendants terminated him in retaliation for his participation in a workers' compensation claim.

3

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* More specifically, to state a facially plausible claim the complaint must demonstrate that the plaintiff's right to relief is more than a mere possibility, but it need not rise to the level of evincing a probability of success. *Id.* Thus, a complaint must simply provide the defendant with "fair notice" of the claim and the grounds upon which the plaintiff seeks to obtain relief. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Thus, "[i]n ruling on a 12(b)(6) motion, a court must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kensington Volunteer Fire Dep't*, 684 F.3d at 467 (internal quotation marks omitted).

## ANALYSIS

In their Motion to Dismiss, Defendants first argue that Plaintiff's Complaint does not contain sufficient factual allegations to support his claim alleging a violation of the FLSA for failure to pay overtime compensation. According to Defendants, the Complaint fails to state a plausible claim because it does not provide sufficient facts about the alleged number of unpaid hours Plaintiff worked or the amount of unpaid wages allegedly owed to him.

An employer violates the FLSA if it fails to pay a covered employee at least one and one-half times his normal rate of pay for hours worked in excess of forty hours during the workweek. 29 U.S.C. § 207(a)(1). "To assert a claim for overtime compensation pursuant to 29 U.S.C. § 207, a plaintiff must plead (1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 667 (D. Md. 2011) (internal quotation marks omitted).

Defendants urge the Court to require Plaintiff to plead the approximate number of hours worked for which overtime wages were not received. It is true that, in the wake of *Iqbal* and *Twombly*, some courts have required such a heightened level of factual detail. *See id.* at 667–68 (collecting cases and explaining that "courts across the country have expressed differing views as to the level of factual detail necessary to plead a claim for overtime compensation under FLSA"). However, most courts in the Fourth Circuit that have addressed the issue have found sufficient "the basic allegation that plaintiff worked overtime more than forty hours in a week and did not receive overtime compensation." *Id.* at 668 (explaining that the "more lenient approach is appropriate here"); *see also Rodriguez v. F & B Solutions LLC*, -- F. Supp. 2d --, 1:14-CV-00183-GBL, 2014 WL 2069649, at *2 (E.D. Va. Apr. 29, 2014) ("This Court adopts the more lenient Maryland

approach that all a plaintiff is required to plead in order to state a claim for a FLSA violation is '(1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it.'"); *Nester v. Hampton Inn Princeton*, CIV.A. 1:13-03336, 2013 WL 5425123, at *4 n.4 (S.D.W. Va. Sept. 26, 2013) (explaining that "this court finds the more lenient approach to be more practical and faithful to the federal rules"). The *Butler* court reasoned that there "would be little benefit to dismissing [a] claim and requiring Plaintiffs to amend to provide an estimate of the number of the overtime hours worked" because although "Defendants might appreciate having Plaintiffs' estimate of the overtime hours worked at this stage of the litigation, it would be subject to change during discovery and if/when the size of the collective action grows." 800 F. Supp. 2d at 668; *see also Rodriguez*, 2014 WL 2069649, at * 3 ("As Defendants are the party that would be in possession of Plaintiff's timesheets, it would serve little purpose to require Plaintiff to amend her Complaint to include an estimate of the number of overtime hours she worked when that information will be provided by Defendants during discovery."). The Court agrees that the more lenient standard is appropriate in this case and notes that Defendants have cited no binding precedent to the contrary.

The Court finds the Complaint's allegations sufficient to state a plausible claim for unpaid overtime compensation. The Complaint includes allegations defining the time period Plaintiff worked for Defendants (July 2013 to December 2013) and Plaintiff's rate of pay ($15 per hour). Furthermore, Plaintiff details the type of work that he performed for Defendants, from which the Court can infer that Plaintiff was not exempt from the FLSA requirements. *See generally* 29 U.S.C. § 213(a) (listing types of employees that are exempt from FLSA's minimum wage and maximum hour requirements). Plaintiff further alleges that Defendants scheduled him to work from 8:00 a.m. to 5:00 p.m. Monday through Friday, in addition to requiring him to work at night and during

6

weekends.  Based on these allegations, the Court can draw the inferences that Plaintiff worked at least forty-five hours a week and that Defendants knew he worked over forty hours a week.  Finally, Plaintiff alleges that he was not provided overtime compensation at a rate of 1.5 times his normal pay, that Defendants misclassified and/or mistreated Plaintiff as exempt from the overtime compensation requirements, that Defendants were aware of those requirements and knew or should have known that Plaintiff did not qualify for an exemption, and that Defendants did not make a good faith effort to comply with the overtime compensation requirements.  The Court finds these allegations sufficient to plead a plausible claim for failure to pay overtime compensation pursuant to 29 U.S.C. § 207.  *See Butler*, 800 F. Supp. 2d at 667.

Defendants next argue that Plaintiff has not adequately alleged willfulness.  "Whether a violation is willful impacts the length of the appropriate limitations period under the FLSA and can impact the computation of unpaid overtime compensation under the FLSA."  *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 357 (4th Cir. 2011).  If a plaintiff can show that a defendant's violation of the FLSA was willful, then a three-year statute of limitations will apply to the claim; otherwise, the Act's general two-year statute of limitations will apply.  *Id.*  In order to establish willfulness, a plaintiff must show that the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]."  *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).  Mere negligence on the part of the employer with regard to compliance with the FLSA is not sufficient to prove willfulness.  *Id.*  Under the Federal Rules of Civil Procedure, "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In his Complaint, Plaintiff alleges that Defendants misclassified and/or mistreated him as exempt under the FLSA, even though Defendants knew or should have known that he did not

7

qualify for an exemption. Plaintiff alleges that although he was purportedly paid a salary, he actually was paid hourly. In support of his claim that he was a non-exempt, hourly employee, he alleges that his wages were deducted whenever he missed an hour of work due to a medical appointment. In his Response Memorandum, Plaintiff argues that these allegations are sufficient to show a scheme to conceal that Plaintiff and similarly situated employees were non-exempt, hourly workers, and that this scheme appears specifically designed to violate the FLSA.

The Complaint's allegations, together with all reasonable inferences drawn in Plaintiff's favor, are sufficient to allege that Defendants either knew or showed reckless disregard for the fact that Plaintiff was not exempt from the overtime requirements and that Defendants intentionally misclassified Plaintiff as a salaried employee in order to avoid compliance with the FLSA's overtime compensation requirements. *See McLaughlin*, 486 U.S. at 133. Although Plaintiff's allegations could be more explicit, the Court concludes that, if true, the pleaded facts would establish a willful violation of the FLSA. Thus, the Court finds Plaintiff's allegations sufficient to plead a plausible claim for willful failure to pay overtime compensation pursuant to 29 U.S.C. § 207. Accordingly, the Court denies Defendants' Motion to Dismiss the FLSA claim.

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 14, 2014**
**Charleston, SC**